**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FRANCISCO MEDINA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-731-A** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Francisco Medina, TDCJ #1120983, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

In 2001 Medina was charged by indictment with possession with intent to deliver and

delivery of a controlled substance in Case No. 0812774 in the 371st Judicial District Court of Tarrant County, Texas.  (Clerk's R. at 3.)  A jury found Medina guilty of the offenses on August 14, 2002, and the trial court assessed his sentence at fifty years' confinement and a $1,000 fine on each count. (*Id.* at 45.)  The Second District Court of Appeals of Texas affirmed the trial court's judgment on May 8, 2003, and, on November 5, 2003, the Texas Court of Criminal Appeals refused Medina's petition for discretionary review.  *Medina v. Texas*, No. 2-02-330-CR, slip op. (Tex. App.–Fort Worth May 8, 2003) (not designated for publication); *Medina v. Texas*, PDR No. 1044-03.  Medina did not seek writ of certiorari.  (Petition at 3.)

On October 22, 2004, Medina filed a state application for writ of habeas corpus, raising one or more of the claims presented, which was denied by the Texas Court of Criminal Appeals on August 17, 2005, without written order on the findings of the trial court.  *Ex parte Medina*, Application No. WR-61,428-01, at cover.  Medina filed this petition on November 10, 2005.

## D.  ISSUES

In five grounds, Medina claims his constitutional rights were violated because (1) a Spanish interpreter was not appointed to translate during trial, (2) the prosecutor engaged in improper closing argument, and (3) his trial counsel rendered ineffective assistance of counsel.  (Petition at 8a-8e.)

## E.  RULE 5 STATEMENT

Quarterman believes that Medina has failed to exhaust his state court remedies as to one of his ineffective assistance claims.  (Resp't Answer at 4.)  28 U.S.C. § 2254(b)(1)(a).  A petition for writ of habeas corpus may, however, be denied on the merits, notwithstanding the failure to exhaust. *Id.* § 2254(b)(2).

**F.  DISCUSSION**

*1.  Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption.  *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim.

App. 1997).  In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *See Townsend v. Sain*, 372 U.S. 293, 314 (1963);[1] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

### 2.  Spanish Interpreter

Medina claims his Sixth Amendment right of confrontation was violated by his attorney's failure to move for appointment of and/or the trial court's failure to sua sponte appoint a Spanish interpreter pursuant to article 38.30 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.30 (Vernon 2005).  Medina alleges that he is a Mexican national who did not understand the English language well enough to communicate with his attorney and to understand the court proceedings against him.  (Petition at 8a-iii.)  He further alleges that the undercover narcotics officer's translation of an audiotaped conversation between the two in Spanish at the time of the drug transaction was inaccurate and incomplete.  (*Id.*)  (3Reporter's R. at 36-45.)

The record does not support Medina's allegations.  To the contrary, the record indicates that Medina had sufficient command of the English language and that the narcotics officer's translation of the audiotape was accurate.  Medina's trial counsel testified via affidavit in the state habeas proceeding that he did not move for an interpreter because Medina was fluent in English, always spoke English during attorney/client meetings, and showed a complete command of the language. (State Habeas R. at 43-44, 56-57.)  The record also reflects that Medina exhibited English

---

[1]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

proficiency by responding in English to the trial court's and his attorney's questions during trial. (2Reporter's R. at 5-6; 3Reporter's R. at 92-93; 5Reporter's R. at 5.)  Nothing in the record indicates that Medina ever requested an interpreter or that his attorney or the trial court were aware or should have been aware that he had difficulty speaking or understanding the English language.   Counsel also testified that the state provided the defense with a copy of the audiotape and an English language summary of the tape and that the summary was consistent with the officer's testimony at trial and with what Medina stated the tape said.  (State Habeas R. at 44-45, 57-58.)

Based on the record and counsel's detailed affidavit addressing these matters, the state habeas court, the same court to preside over Medina's trial, entered findings of fact refuting Medina's allegations.  It is clear the state court found counsel's affidavit credible.  Credibility determinations by a state court, as well as its factual findings, are presumed correct and afforded deference, absent clear and convincing evidence to the contrary.  *See* 28 U.S.C. § 2254(e)(1); *Coleman v. Quarterman*, ___ F.3d ___, 2006 WL 1991686, at *2 (5th Cir. 2006); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).  Medina has not rebutted the presumption.  Thus, deferring to the state court's findings and credibility determinations, Medina cannot show his right to confront was violated.

### 3.  Right to Remain Silent

Medina claims his Fifth Amendment right to remain silent was violated by the prosecutor's comment concerning his failure to testify during closing argument in the guilt/innocence phase of trial.  (Petition 8b.)  The Fifth Amendment prohibits comment on a defendant's silence.  *See Griffin v. California*, 380 U.S. 609, 615 (1965).  Prosecutors are thus prohibited from commenting directly or indirectly on a defendant's failure to testify in a criminal case.  *See United States v. Montoya-*

*Ortiz*, 7 F.3d 1171, 1178 (5th Cir. 1993).  A prosecutor's remarks constitute impermissible comment on a defendant's right not to testify if the prosecutor's manifest intent was to comment on the defendant's silence or if the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence.  *See United States v. Baylor*, 127 F.3d 380, 396 (5th Cir. 1997).  The prosecutor's intent is not manifestly impermissible if there is some other, equally plausible explanation for the remark.  *Jackson v. Baylor*, 194 F.3d 641, 652 (5th Cir. 1999).  The question then becomes not whether the jury might or probably would view the challenged remark in this manner, but whether it necessarily would have done so.  *Id.*  Challenged comments are evaluated in the context of the trial within which they are made and are subject to harmless error analysis.  *United States v. Robinson*, 485 U.S. 25, 33 (1988); *United States v. Hastings*, 461 U.S. 499, 508-12 (1983); *Cotton v. Cockrell*, 343 F.3d 746, 751 (2003).

Medina complains of the following argument:

**[Prosecutor]:**  *First of all, the voices on the tape are the defendant and the officer. And if they weren't, don't you know we would have heard something about that.* (4Reporter's R. at 16.)

The state appellate court addressed Medina's claim and held that the argument was permissible in response to defense counsel's argument that–

**[Defense counsel]:**  We've got the audiotape, and it's in Spanish and English, and who knows who's really speaking on this except Officer Cedillo says this is the Defendant and I speaking together.  (4Reporter's R. at 14.)

Under Texas law, responding to opposing counsel's argument is a permissible area of jury argument.  *See Canales v. Texas*, 98 S.W.3d 690, 695 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003).  Reviewing the prosecutor's comments in the context in which they were stated, the comments did not refer to Medina's failure to testify.  *See United States v. Virgen-Moreno*, 265 F.3d

276, 293 (5th Cir. 2001) (holding that the prosecutor did not reference the defendant's failure to testify where the statement was made in response to a comment made by the defense).  As noted by the state appellate court, the prosecutor's comments responded to defense counsel's argument urging the jury to disregard or at least view with suspicion the narcotics officer's testimony.  Medina has not shown that the prosecutor manifestly intended to comment on his choice not to testify or that the jury necessarily would view the prosecutor's comments in that light.

Even if the remarks were impermissible, habeas relief is unwarranted as the error was harmless given the evidence of Medina's guilt and the trial court's instruction to the jury that they were not to consider Medina's failure to testify during their deliberations.  (Clerk's R. at 38.)  *See, e.g., Cotton*, 343 F.3d at 752; *Montoya v. Collins*, 955 F.2d 279, 287 (5th Cir. 1992).  A jury is presumed to follow its instructions.  *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

## *4.  Ineffective Assistance of Counsel*

Medina claims his attorney Lawrence Brown provided ineffective assistance by (1) failing to seek out and interview Carlos Olivas as a potential defense witness, (2) failing to move the trial court to appoint a qualified interpreter to assist him and translate the English language, and (3) failing to object to the state's motion to amend the indictment.  (Petition at 8c-8e.)

To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance.  *Id.* at 687, 697.  In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional

7

assistance or sound trial strategy.  *Id*. at 668, 688-89.  Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight.  *Id.* at 689.  Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable.  *Id.* at 690.

Where, as here, a petitioner's ineffective assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*.  *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).  Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable.  *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

Medina raised his ineffective assistance claims in his state habeas application, however, in light of counsel's detailed affidavit regarding his representation of Medina, the trial court entered findings of fact refuting his allegations of ineffective assistance.  (State Habeas R. at 43-51.)  On those findings, the Texas Court of Criminal Appeals also denied habeas relief.  Having independently reviewed Medina's claims, and applying the appropriate deference to the state court's factual findings and credibility determinations, the state courts' application of *Strickland*'s attorney-performance standard was reasonable.  *See Bell*, 535 U.S. at 698; *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002); *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997).

## II.  RECOMMENDATION

Medina's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 11, 2006. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 11, 2006, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the  docket of the United States District Judge.

SIGNED August 21, 2006.

        /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

9