IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANCISCO MEDINA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-731-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Francisco Medina ("Medina") is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 21, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by September 11, 2006. On September 15, 2006, Medina filed his written objections. Respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or

recommendations to which specific objection is made.  <u>United States v. Raddatz</u>, 447 U.S. 667 (1980).  The court is not addressing any nonspecific objections or any frivolous or conclusory objections.  <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

To the extent that Medina makes any specific objection, it goes to the accuracy of an undercover narcotics officer's English translation of a conversation in Spanish between that officer and himself.  Specifically, Medina appears to complain that an independent English translation of that conversation has been created but not produced to him despite request.  This objection, however, hinges entirely on petitioner's underlying and belated plea that he cannot speak English fluently.  The state court that presided over petitioner's trial and state-habeas proceeding found against petitioner on this issue, and its credibility determination is presumed to be correct unless rebutted by clear and convincing evidence.  <u>See</u> 28 U.S.C. § 2254(e)(1); <u>United States v. Samples</u>, 897 F.2d 193, 198 (5th Cir. 1990).  Medina has failed to meet that high burden here.  Indeed, Medina's petition for writ of habeas corpus -- which is well written in English -- serves only to highlight the correctness of the state court's decision.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED October 30, 2006.

_____
JOHN McBRYDE
United States District Judge